Kyle Miholich (*pro se*)
12843 Isocoma Street
San Diego, CA 92129
760-845-5823
froyokyle@gmail.com

Plaintiff

**FILED**

Mar 12 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY   s/ CharityW   DEPUTY

# THE UNITED STATES FEDERAL DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kyle Miholich, an individual, | Civil Case No.: **'19CV0473 WQHBLM** |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| GoNow Travel Club, LLC, a California limited liability company; | **TCPA 47 USC §227(b)(1)(A)** |
| | **TCPA 47 USC §227(c)(5)** |
| Defendant. | |

Plaintiff Kyle Miholich ("Plaintiff"), complains against Defendant GoNow Travel Club, LLC ("GoNow Travel") alleges as follows:

## I.   INTRODUCTION

1. The Court is requested to take judicial notice of another TCPA lawsuit

pending in this district against these same defendants for this same conduct in case number 19-cv-00297 BAS (AGS). Defendants are in the business of harassing residents of San Diego county to attempt to sell their vacation time-share scam.

2. The TCPA causes of action (47 USC §227(b) and (c)) filed herein for, *inter alia*, illegal telemarketing to Plaintiff's DNC registered cellular phone and home phone through the use of an ATDS is expressly alleged against Defendants GoNow Travel Club, LLC and Frank Morgan.

3. GoNow Travel Club, LLC and Morgan have been illegally calling Mr. Miholich, without his consent, with autodialed and prerecorded calls ("robocalls") as well as "live-transfer" calls using an ATDS. Mr. Miholich expressly told GoNow Travel Club, LLC and Morgan to stop these illegal calls, but since then, Defendant GoNow Travel Club, LLC and its hired and controlled agents, have robocalled Plaintiff several more times. Mr. Miholich brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), in hopes that an injunction and damages will encourage GoNow Travel Club, LLC, to change their ways.

## II. PARTIES

4. Plaintiff Kyle Miholich is a citizen of California who conducts business in California, in this District.

5. Defendant GoNow Travel Club, LLC, a California LLC, is a resident of San

Diego County, California at 1030 La Bonita Drive, Suite 301, San Marcos, CA 92078.

6. Francisco Morgan is an in individual and the member, manager and officer of GoNow Travel Club, LLC. Said LLC is used at his alter ego and Morgan does not obey the corporate formalities of operation.

## III. JURISDICTION AND VENUE

7. This Court has federal-question subject matter jurisdiction over the Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over the Plaintiffs' claim arising under California's Invasion of Privacy Act, Penal Code §637.2, §632.7 because those claims:

   a. arises from the same nucleus of operative fact, i.e., Defendant's telemarketing robocalls to Plaintiff;

   b. adds little complexity to the case; and

   c. relies on the same nucleus of facts, so it's unlikely to predominate over the TCPA claims.

8. This Court has personal jurisdiction over GONOW TRAVEL CLUB, LLC because a substantial part of the wrongful acts alleged in this Complaint were

committed in California. For example, GONOW TRAVEL CLUB, LLC made illegal telemarketing robocalls to Mr. Miholich, while he was in California. GoNow Travel Club, LLC and Morgan have also subjected themselves to personal jurisdiction in California because they are running said criminal operation. It is a crime to violate 47 USC §501 by violating 47 USC §227(b). GoNow Travel Club, LLC and MORGAN, through their dba's and agents, initiated the primary telemarketing calls to Plaintiff and then sold, transferred and provided the lead to GoNow Travel Club, LLC marketers and others in a knowingly illegal manner. California Civil Code §1770(a)(22)(A) expressly prohibits the prerecorded messages that MORGAN and GoNow Travel Club, LLC and its agents sent to Plaintiff.

9. Plaintiff was called on cell home phone of 760-845-5823 by GoNow Travel Club, LLC. Plaintiff was called multiple times beginning on or about January 2019, from 888-914-5547, and 424-367-7732, numbers owned, used and controlled by GoNow Travel Club, LLC and Morgan and its agents, with a prerecorded message which then transferred to a live human. After many personal questions were asked and answered, the transferred the call to another GoNow Travel Club, LLC person who repeated the same questions.

10. Plaintiff received another robo call with a prerecorded message from "Peter" March 8, 2019. Peter sent a text message to Plaintiff that same date confirming

that is was him and that he was an employee of GoNow Travel.

11.  GONOW TRAVEL CLUB, LLC is registered with the California Secretary of State but does substantial business in this District. GONOW TRAVEL CLUB, LLC has purposefully directed its activities to California and advertises that it does business in California.

**IV. TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

12.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

13.  The TCPA makes it unlawful to make telemarketing solicitations to telephone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

14.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c). 47 U.S.C. § 227(c)(5).

15.  Plaintiff Miholich alleges that Defendants GoNow Travel Club, LLC and Morgan placed repeated automated telephone calls to Plaintiff Miholich's cell phone (760-845-5823) from their phones and that the calls exhibited signs of being made with an Automated Telephone Dialing System, including repeated telemarketing calls to Plaintiff Miholich within a period of time from January 2019 to March 11, 2019 and the presence of a pause or click (which is proven by the recording), which is commonly associated with an Automated Telephone Dialing

System (ATDS). Those allegations are true and are sufficient to establish the elements of a TCPA claim. There was a long delay when the calls connected every time and Plaintiff her a bubble popping sounds right before the prerecorded message started.

16. As the Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id., at 520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)." *Estelle v. Gamble* (1976) 429 U.S. 97, 106.

## V. STANDING

17. The court must evaluate lack of statutory standing under the Rule 12(b)(6) standard. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). However, because Plaintiff is proceeding pro se, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (reaffirming standard reviMiholich pro se complaints post-*Twombly*). The Ninth Circuit has concluded that the court's treatment of pro se filings after *Twombly* and *Iqbal* remain the same and pro se pleadings must continue to be liberally construed.

*Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); see also *McGowan v. Hulick*, 612 F.3d 636, 640-42 (7th Cir. 2010); *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461-62 (5th Cir. 2010); *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (noting that even following *Twombly* and *Iqbal*, "we remain obligated to construe a pro se complaint liberally").

18. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

   A. A valid injury in fact;

   B. which is traceable to the conduct of Defendants;

   C. and is likely to be redressed by a favorable judicial decision. See, *Spokeo, Inc. v. Robins*, 578 U.S.___(2016) at 6, and *Lujan v. Defenders of Wildlife*, 504 U.S. 555 at 560. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiffs must clearly allege facts demonstrating all three prongs above.

**The "Injury in Fact" Prong**

19. Plaintiff's injury in fact, must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo* (Id.). For an injury to be "concrete," it must be a de facto injury, meaning that it actually exists. In the present case, Plaintiff was called on his cellular phone at least nine times by both Defendants. In fact, Plaintiff expressly informed

Defendants to cease and desist from all future telemarketing on the very first call. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff in multiple ways. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). Defendant's invasion of Plaintiff's right to privacy is further exacerbated by the fact that Plaintiff's phone number, at all times relevant to this litigation, was on the National Do-Not-Call Registry ( hereinafter, "DNC Registry"). As well, Plaintiff had no prior business relationship with Defendants prior to receiving the seriously harassing and annoying calls by GoNow Travel Club, LLC and by MORGAN.  All of Plaintiff's injuries are concrete and de facto. For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins,* 135 S.Ct. 1540, *578 U.S. ___ (2016)* at 14. In the instant case, it was Plaintiff's phone that was called and it was Plaintiff who answered the calls.  It was Plaintiff's personal privacy and peace that was invaded by Defendant's persistent phone calls using an ATDS and a pre-recoded message, despite Plaintiff having no prior business relationship with Defendants and Plaintiff's attempt to avoid the damage by registering his number on the DNC Registry.

**The "Traceable to the Conduct of Defendants" Prong**

20.     The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that their injury is traceable to the conduct

of Defendants. In the instant case, this prong is met by the fact that the calls to Plaintiff's cellular phone and home phone (land line) were placed either by Defendants directly, or by Defendants' agent at the express direction and control of Defendants.  See *Jones v. Royal Admin. Servs., 866 F.3d 1100 (9th Cir. 2017)* ten factor test from the 9th Circuit and Civil code §2307.

**The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong**

21.     The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion. In the present case, Plaintiff's Prayers for Relief includes a request for damages for each call made by Defendants, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.  Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendants from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 578 U.S. ___ (2016), Plaintiff has standing to sue Defendants on the stated claims.

22. "…[C]ourts in the Ninth Circuit have held that "allegations of nuisance and invasions of privacy in TCPA actions are concrete" injuries that establish standing. See *Mbazomo v. ETourandtravel, Inc.*, 16-CV-2229-SB, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (E.D. Cal. Dec. 8, 2016). In *Mbazomo*, the court held that a violation of the TCPA represents a concrete injury because "[t]he history of sustaining claims against both unwelcome intrusion into a plaintiff's seclusion and unceasing debt-collector harassment are squarely 'harm[s] that [have] traditionally been regarded as providing a basis for a lawsuit.'" *Mbazomo*, 2016 U.S. Dist. LEXIS 170186, 2016 WL 7165693, at *2 (quoting *Spokeo*, 136 S.Ct. at 1549-50). The court declined to follow Romero, explaining that Romero "improperly erodes the pleading standard set under Fed. R. Civ. P. 8(a) . . . . A plaintiff [need only] plausibly tie the alleged acts of the defendant to the alleged harms suffered." Id. *Messerlian v. Rentokil N. Am., Inc.* (C.D.Cal. Dec. 15, 2016, No. CV 16-6941-GW (GJSx)) 2016 U.S.Dist.LEXIS 175224, at *7-8.

23. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*. at 1548 (quoting *Lujan*, 504 U.S. at 560). The Supreme Court noted that concreteness is quite distinct from particularization. *Id.* An injury is "particularized" if it affects "the plaintiff in a personal and individual way." *Id.* In addition, for an injury to be

"concrete", it must be "de facto," meaning that it is "real" and not "abstract." *Id.* However, an injury need not be "tangible" in order to be "concrete," and intangible injuries may constitute injury in fact. *Id.* at 1549. In order to determine whether an intangible harm constitutes injury in fact, *Spokeo* provided two factors to be considered: "history and the judgment of Congress." *Id.* at 1549. Specifically, "(1) whether the statutory violation bears a 'close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' and (2) congressional judgment in establishing the statutory right, including whether the statutory right is substantive or procedural." *Matera v. Google*, No. 15cv 4062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016). *Spokeo* also held that "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Spokeo*, 136 S. Ct. at 1549. In such a case, a plaintiff "need not allege any additional harm beyond the one [the legislature] has identified." *Id.*

24. Here, Plaintiff alleges that Defendant GoNow Travel Club, LLC and Morgan contacted him using a "telephone dialing system." This is insufficient standing alone, but as in *Charkchyan* and *Kramer*, Plaintiff alleges sufficient additional facts. First, each of the calls are available to the Court as audio recordings of the robotic voice message that initiated the calls. Second, the calls are impersonal advertisements: they do not address Plaintiff personally and they

advertise Defendant GoNow Travel's product. Third, Plaintiff declares that he has never heard of Defendants, visited any location operated by Defendants prior to the harassing and annoying calls, nor provided his cellular telephone numbers to Defendants or consented to receive calls from Defendants. Plaintiff also has had no prior business relationship with Defendants. Plaintiffs had no reason to be in contact with Defendants nor have they ever purchased any kind of product or service. Plaintiff's allegations are sufficient to establish that Defendants used ATDS in sending their prerecorded solicitation messages.

25. In Plaintiff's case, the allegations establish that he did not give prior express consent. He declared that he was "the regular user and subscriber to the cellular telephone number at issue." He also declared that he has "never heard of [Defendants], visited any location operated by [Defendants], provided [his] cellular telephone number to [Defendants,] or consented to receive text messages from [Defendants]." As in *Charkchyan*, these allegations are sufficient to support Plaintiff's claims that he did not give prior express consent authorizing Defendants to send the prerecorded messages.

## VI. FACTUAL ALLEGATIONS

**A. GoNow Travel Club, LLC**

26.　One of GONOW TRAVEL CLUB, LLC's strategies for marketing its services is placing telemarketing robocalls to those who have not consented to receive such solicitations, including Plaintiff.

27.　GONOW TRAVEL CLUB, LLC uses equipment that has the capacity to store or produce random or sequential telephone numbers to be called and that includes autodialers and predictive dialers (each an "automatic telephone dialing system" or "ATDS").

28.　Morgan has failed to separate his personal expenses from the expenses of the GoNow Travel accounts. Morgan uses said LLC as his alter ego and it would create an unjust result to allow Morgan to hide behind the corporate vail of protection. Telemarketing by use of an ATDS and/or a prerecorded messages, like Morgan did to Plaintiff, has been "made unlawful" under the TCPA.

29.　A third party sold leads to GONOW TRAVEL CLUB, LLC and MORGAN and is the marketing agent for GoNow Travel Club, LLC. MORGAN knowingly advertises through GONOW TRAVEL CLUB, LLC. Each Defendant knows of and is aware of each of the other Defendant's duties, responsibilities and function within the telemarketing operation. Each Defendant is a co-conspirator with each other Defendant in this matter. They all know each other, they all talk to

eachother. They have all designed, planned and orchestrated the telemarketing scheme and scam together. The agency relationship and control of the third party lead broker by GoNow Travel is so intricate and so involved as to constitute a relationship that warrants vicarious liability. For example, Morgan told, instructed and required his lead generator to ask telemarketing victims a long list of 'pre-qualifying" questions. If the questions were not answered, then Morgan would not pay them. That alone is sufficient control.

**B. Plaintiff**

30. Plaintiff Kyle Miholich is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

**C. Telephone numbers 760-845-5823**

31. A phone number beginning 760-845-5823 is registered to Mr. Miholich.

32. 760-845-5823 is on the National Do Not Call Registry.

33. Mr. Miholich answers calls made to 760-845-5823.

34. Mr. Miholich pays the phone bills for 760-845-5823.

**D. GONOW TRAVEL CLUB, LLC's Illegal Telemarketing Robocalls to Plaintiff**

35. On March 8, 2019, a call to 760-845-5823, which is Mr. Miholich's cellular telephone, caused his cell phone to ring. Mr. Miholich picked up. The person on the other end wasn't anyone Mr. Miholich knew. In fact, it wasn't a person at all;

it was a prerecorded voice. The voice advertised timeshare and travel club members from GONOW TRAVEL CLUB, LLC.

36.     Plaintiff has never heard of MORGAN and had not given him permission to call him, let alone with a telemarketing robocall. Mr. Miholich was surprised and frustrated to be interrupted by a prerecorded solicitation to a phone number that had long been on the National Do No Call Registry.

37.     Most of these robocalls used a prerecorded or artificial voice, while the rest were marked by an unnatural click or pause at the beginning—signaling to Mr. Miholich that the call was placed by an ATDS rather than manually dialed by a person.

38.     More than a half dozen of GONOW TRAVEL CLUB, LLC's telemarketing robocalls were made to Mr. Miholich while he was in California, in this District.

39.     More than a half dozen of GONOW TRAVEL CLUB, LLC's telemarketing robocalls were made to Mr. Miholich after GONOW TRAVEL CLUB, LLC knew of his desire to never been solicited via telemarketing calls, which is publicly known in this District.

40.     Mr. Miholich repeatedly asked GONOW TRAVEL CLUB, LLC to stop calling.

## VII. FIRST CLAIM FOR RELIEF

**(Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**

41. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

42. The foregoing acts and omissions of GONOW TRAVEL CLUB, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to the cellular telephone numbers of Plaintiffs without prior express written consent.

43. Each named defendant in this matter is vicariously liable for the acts and actions of each of the other named defendants under the *Gomez* case from the US Supreme Court handed down on January 20, 2016.

44. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

46. Plaintiff also seeks a permanent injunction prohibiting GONOW TRAVEL CLUB, LLC and its affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without prior express written consent of the called party.

## VIII. SECOND CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Telephones, 47 U.S.C. § 227(b)(1)(B))

47. Mr. Miholich realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. The foregoing acts and omissions of GONOW TRAVEL CLUB, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(B), by making non-emergency prerecorded telemarketing calls to the residential telephone 760-845-5823 number of Mr. Miholich without prior express written consent.

49. Mr. Miholich is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

50. Mr. Miholich is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

51. Mr. Miholich also seeks a permanent injunction prohibiting GONOW TRAVEL CLUB, LLC, and its affiliates and agents from making non-emergency prerecorded telemarketing calls to residential telephone numbers without prior express written consent of the called party.

## IX. THIRD CLAIM FOR RELIEF

### (Telemarketing Solicitations to National Do Not Call Registrants, 47 U.S.C. § 227(c))

52. Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

53. The foregoing acts and omissions of GONOW TRAVEL CLUB, LLC and/or its affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. §64.1200(c)(2).

54. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

55. Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

56. Plaintiff also seeks a permanent injunction prohibiting GONOW TRAVEL CLUB, LLC and its affiliates and agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for this Honorable Court to enter judgment against all Defendant as follows:

    A. Leave to amend this Complaint to conform to the evidence presented at trial;

    B. A declaration that actions complained of herein by GONOW TRAVEL CLUB, LLC and MORGAN violate the TCPA;

C. For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2);

D. $500 plus threefold damages for intentional or willful violation of the Do-Not-Call Registry for each and every call;

E. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

F. For an injunction prohibiting all Defendants from ever contacting Plaintiff ever again in any manner whatsoever, including spam texting, robodialing, and spam emailing;

G. $1,500 for each violation of 16 CFR §610.4(b)(iii)(B) initiating a call to a DNC registered number;

H. $1,500 for each violation of 47 CFR §64.1601(3) caller ID spoofing;

I. $1,500 for each violation of 47 CFR §64.1200(d)(1) failure to provide copy of written do not call policy;

J. $1,500 for each violation of 47 CFR §64.1200(b)(1) failure to state name of business at beginning of call;

K. $1,500 for each violation of 47 USC §227(b)(1)(A)(iii) willful or knowing call to cellular phone;

L. $1,500 for each violation of 47 USC §227(b)(1) for using an ATDS;

M. $1,500 for each violation of 47 USC §227(c) and (d) for calling a phone number on the DNC registry; and

N. For any other relief that the Court deems just and proper.

## XI. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: March 11, 2019

_____
Kyle Miholich,
Plaintiff